IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION.

In re: FIFTH THIRD BANK CHECKING ACCOUNT OVERDRAFT LITIGATION.

MDL Nos. 2036, 2166.

United States Judicial Panel on Multidistrict Litigation.

June 3, 2010.

JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATI, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

## ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in the two actions listed on Schedule A, one pending in the Northern District of Illinois (*Schulte*) and the other in the Northern District of Georgia (*Willard*), move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate the portions of the Panel's order conditionally transferring the actions to MDL No. 2036. Fifth Third Bank, the sole defendant in *Schulte*, and Fifth Third Bancorp, the sole defendant in *Willard*, separately move for the same relief. In addition, Fifth Third Bank moves, pursuant to 28 U.S.C. § 1407, for separate centralization (as MDL No. 2166) of *Schulte* and *Willard* in the Northern District of Illinois.

Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee in MDL No. 2036, as well as plaintiff in a Southern District of Florida action against Fifth Third Bank, oppose both the motions to vacate and Fifth Third Bank's motion for separate centralization (in other words, they believe *Schulte* and *Willard* should be transferred to MDL No. 2036). The *Schulte* and *Willard* plaintiffs, however, support Fifth Third Bank's motion for separate centralization.

After considering all argument of counsel, we will deny Fifth Third Bank's motion for centralization and grant the motions to vacate. At oral argument, counsel for the *Willard* plaintiff informed the Panel that his client and the *Schulte* plaintiff had reached a settlement with Fifth Third Bank, and that the *Schulte* plaintiff had, that very day, filed with the Northern District of Illinois court a motion seeking preliminary approval of the class action settlement, publication of notice, and the setting of a final fairness hearing. According to counsel for the *Willard* plaintiff and counsel for Fifth Third Bank, the settlement, if approved, will fully resolve the two actions currently before the Panel. In

light of these developments, we conclude that neither creation of a separate MDL nor, in the alternative, transfer of *Schulte* and *Willard* to MDL No. 2036 is presently warranted.[1]

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the two actions listed on Schedule A is denied.

IT IS FURTHER ORDERED that the Panel's conditional transfer order designated as "CTO–13" in MDL No. 2036 is vacated insofar as it relates to these actions.

1. In the event that the settlement is not approved or does not fully resolve these actions, nothing in this order bars either creation of such an MDL or future transfer of the actions to MDL No.2036.

**SCHEDULE A**

MDL No. 2036—**IN RE: CHECKING AC-COUNT OVERDRAFT LITIGATION**

MDL No. 2166—**IN RE: FIFTH THIRD BANK CHECKING ACCOUNT OVER-DRAFT LITIGATION**

*Northern District of Georgia*
    *Marlene Willard v. Fifth Third Bancorp,* C.A. No. 1:10–271

*Northern District of Illinois*
    *Shannon Schulte v. Fifth Third Bank,* C.A. No. 1:09–6655